UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TRUMAN S. BENJAMIN,            )
                               )
       Plaintiff              )
                               )
vs.                            )   Case No.  2:07-cv-01904-WMA-HGD
                               )
SETH U. LEWIS, et al.,         )
                               )
       Defendants             )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Truman S. Benjamin, hereinafter referred to as plaintiff, has filed a *pro se* complaint and amended complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged. Plaintiff names as defendants Seth U. Lewis, Carol Rhodes and Stephanie Woodruff.  Plaintiff seeks reinstatement of his parole status and compensatory and punitive damages for the violation of his constitutional rights. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  See *McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

On August 3, 2007, plaintiff was ordered held at the Birmingham City Jail by his parole officer, Seth Lewis.  On August 8, 2007, plaintiff received a copy of the allegation of a parole violation and notice that a hearing would be held on August 15, 2007.  Plaintiff requested a witness be called to testify on his behalf.  On August 15, 2007, the hearing was held, but the witness was not present to testify.  Hearing Officer Carol Rhodes proceeded with the hearing, and plaintiff's parole was revoked. Plaintiff complains that the defendants violated his right to due process by not

securing the testimony of his witness. As part of the relief requested, plaintiff asks that he be reinstated on parole.

This type of relief is not appropriate in an action pursuant to 42 U.S.C. § 1983. It is well settled that a state prisoner may challenge the "fact or duration" of his imprisonment only by way of a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Watson v. Briscoe*, 554 F.2d 650 (5th Cir. 1977). Plaintiff cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Id*, at 489; see also *Wolff v. McDonnell,* 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Before plaintiff's habeas claim may be heard in federal court, he must exhaust available state remedies. Under Alabama law, the proper method by which to challenge the revocation of probation is by way of petition for writ of certiorari filed in the state circuit court. *Brooks v. State*, 615 So. 2d 1292 (Ala. Crim. App. 1993); *Sellers v. State*, 586 So. 2d 994 (Ala. Crim. App. 1991). Accordingly, plaintiff's complaint about the denial of due process in his parole revocation hearing is due to be dismissed.

Plaintiff also complains that he was renting an apartment at the time of the arrest and lost his personal property when he was evicted from the apartment.

Plaintiff seeks compensatory and punitive damages for the loss of his property. In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L. Ed. 2d 420 (1981), the United States Supreme Court held that although the unintentional loss of a prisoner's personal property was a deprivation of property within the meaning of the Due Process Clause of the Fourteenth Amendment, the plaintiff was not deprived of property without due process where the State's post-deprivation tort remedy provided the process that was due. In the companion cases of *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), the United States Supreme Court reconsidered the holding in *Parratt*, that "the alleged loss, even though negligently caused, amounted to a deprivation." The court in *Daniels* overruled *Parratt* to the extent that *Parratt* held that mere lack of due care by a state official may deprive a person of life, liberty, or property. The court in *Daniels* held that "the Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty, or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required." *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). Further, in *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 821 L.Ed.2d 393 (1984), the Supreme Court stated:

> We hold that an unauthorized, intentional deprivation of property by a state employee does not constitute a violation of the due process requirements of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.

468 U.S. at 533.

The magistrate judge concludes that the plaintiff was not deprived of property without due process of law. Section 41-9-60 of the Code of Alabama provides for the State Board of Adjustment to consider claims against the state or its agents. If defendant was an agent of the State of Alabama, plaintiff has a remedy under the state statute. Should the Board of Adjustment deny the claim, plaintiff may then bring an action in the courts of the state of Alabama for redress. *See Carmichael v. State Board of Adjustment*, 249 Ala. 542, 32 So.2d 216 (1947). The post-deprivation remedies available to plaintiff under Alabama tort law are sufficient to satisfy due process under *Parratt* and *Hudson*. *See Parratt*, 451 U.S. at 543; *Hudson,* 468 U.S. at 534-35. Therefore regardless of whether the alleged deprivation was unintentional or intentional, plaintiff has not been deprived of property without due process of law because he has a legal means whereby he can be heard on this claim for compensation and this claim request for compensation for his lost property is due to be dismissed.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that this action be DISMISSED as pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).

Plaintiff may file specific written objections to this report and recommendation within eleven (11) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within eleven (11) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. IT IS NOT NECESSARY FOR PLAINTIFF TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE. Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DONE this 28th day of March, 2008.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE